# IN THE SUPREME COURT, STATE OF WYOMING

## 2013 WY 155

*October Term, A.D. 2013*

*December 18, 2013*

BOARD OF PROFESSIONAL
RESPONSIBILITY, WYOMING
STATE BAR,

Petitioner,

v.

D-13-0008

SCOTT M. POWERS, WSB #6-3188,

Respondent.

## ORDER OF PUBLIC CENSURE

[¶1]     **This matter** came before the Court upon a "Report and Recommendation for Public Censure," filed herein November 14, 2013, by the Board of Professional Responsibility for the Wyoming State Bar, pursuant to Section 16 of the Disciplinary Code for the Wyoming State Bar (stipulated discipline).  The Court, after a careful review of the Board of Professional Responsibility's Report and Recommendation and the file, finds that the Report and Recommendation should be approved, confirmed and adopted by the Court, and that Respondent Scott M. Powers should be publicly censured for his conduct.  It is, therefore,

[¶2]     **ADJUDGED AND ORDERED** that the Board of Professional Responsibility's Report and Recommendation for Public Censure, which is attached hereto and incorporated herein, shall be, and the same hereby is, approved, confirmed, and adopted by this Court; and it is further

[¶3]     **ADJUDGED AND ORDERED** that Scott M. Powers is hereby publicly censured for his conduct, which is described in the Report and Recommendation for Public Censure.  The public censure shall include issuance of a press release consistent with the one set out in the Report and Recommendation for Public Censure; and it is further

[¶4]    **ORDERED** that, pursuant to Section 26 of the Disciplinary Code for the Wyoming State Bar, Mr. Powers shall reimburse the Wyoming State Bar the amount of $50.00, representing the costs incurred in handling this matter, as well as pay the administrative fee of $500.00.  Mr. Powers shall pay the total amount of $550.00 to the Clerk of the Board of Professional Responsibility on or before January 31, 2014; and it is further

[¶5]    **ORDERED** that the Clerk of this Court shall docket this Order of Public Censure, along with the incorporated Report and Recommendation for Public Censure, as a matter coming regularly before this Court as a public record; and it is further

[¶6]    **ORDERED** that, pursuant to Section 4(a)(iv) of the Disciplinary Code for the Wyoming State Bar, this Order of Public Censure, along with the incorporated Report and Recommendation for Public Censure, shall be published in the Wyoming Reporter and the Pacific Reporter; and it is further

[¶7]    **ORDERED** that the Clerk of this Court cause a copy of this Order of Public Censure to be served upon Respondent Scott M. Powers.

[¶8]    **DATED** this 18th day of December, 2013.


                                        **BY THE COURT:**

                                        /s/

                                        **MARILYN S. KITE**
                                        **Chief Justice**

D-13-0008

IN THE SUPREME COURT
STATE OF WYOMING
FILED

NOV 1 4 2013

CAROL THOMPSON, CLERK
by CHIEF DEPUTY

BEFORE THE SUPREME COURT
STATE OF WYOMING

*In the matter of* )
*SCOTT M. POWERS,* )
*WSB No. 6-3188,* )    *Docket Nos. 2013-53, 2013-073*
 )           *& 2013-92*
 *Respondent.* )

## REPORT AND RECOMMENDATION FOR PUBLIC CENSURE

The Board of Professional Responsibility makes the following Report and Recommendation, with its findings of fact, conclusions of law, and recommendation to the Supreme Court of Wyoming:

### FINDINGS OF FACT

1.     Respondent was admitted to the Bar in 1997 and maintains a law practice in Cheyenne, Wyoming.

2.     This matter arises from three disciplinary complaints brought against Respondent during 2013. The three have common features. In each, Respondent failed to complete the legal work for which he had been hired in a timely manner. In each, Respondent does not dispute the clients' claims that Respondent was essentially nonresponsive when the clients attempted to contact him to discuss their cases.

3.     In the first case, No. 2013-53, Respondent represented a criminal defendant in a matter in which a plea agreement was negotiated that included return of some seized funds to Respondent's client, who was incarcerated. The actual delivery of those funds was delayed for several months, which prompted the client to submit a grievance to Bar Counsel. Respondent

1

acknowledges that he could have acted more promptly in getting the seized funds returned to his client, though he did ultimately deliver the funds to the client personally.

4. In the second case, No. 2013-073, Respondent represented a property management company in evicting and obtaining a money judgment for property damage caused by the defendant, a tenant of a residence owned by a third party but managed by Respondent's client. Respondent failed to take the steps necessary to collect the judgment and failed to provide information requested by the property owner, who ultimately retained her own counsel. Respondent acknowledges that he failed to act with diligence in pursuing collection of the judgment and in communicating with the property owner and her counsel.

5. In the third case, No. 2013-092, Respondent undertook to represent a client with respect to two traffic citations and accepted a $750 fee, but failed to appear at a hearing in the matter resulting in the forfeiture of the client's bond. Respondent thereafter assured the client that he would attempt to negotiate a resolution with the district attorney but failed to follow through and failed to respond to subsequent inquiries from the client. After the client submitted a complaint to Bar Counsel, Respondent refunded the $750 fee to the client.

6. Respondent agrees and acknowledges that he was negligent in failing to act with reasonable diligence in the three matters and in failing to maintain reasonable communication with his clients. Respondent concedes that his conduct violated Rules 1.3 and 1.4 of the Wyoming Rules of Professional Conduct, and agrees to accept a public censure. Respondent further agrees to the following press release in conjunction with the public censure:

> Cheyenne attorney Scott M. Powers received a public censure for his conduct in three different matters in which his clients complained to the Wyoming State Bar. The first was a matter in which Powers undertook to facilitate the return of some funds to his client, but the matter dragged on for several months due to Powers' lack of diligence.

2

The second matter was a landlord-tenant dispute in which Mr. Powers obtained a judgment in favor of the landlord but failed to diligently pursue collection of the judgment and failed to respond to his client's inquiries regarding his efforts to collect the judgment.

The third matter was one in which Mr. Powers undertook to represent a client on two traffic citations and accepted a $750.00 fee. Mr. Powers thereafter failed to appear at a hearing in the matter, which resulted in the forfeiture of the bond that had been posted by the client in both matters. Mr. Powers subsequently failed to follow through on efforts to resolve the matter with the district attorney, and ultimately refunded the $750.00 fee to the client.

The Wyoming Rules of Professional Conduct regulate the conduct of members of the Wyoming State Bar. Mr. Powers violated Rule 1.3, which requires a lawyer to act with reasonable diligence and promptness in representing a client. Mr. Powers also violated Rule 1.4, which requires a lawyer to maintain reasonable communication with a client.

Mr. Powers stipulated to these facts and consented to this discipline. The Board of Professional Responsibility approved the stipulation, recommending that the Wyoming Supreme Court publicly reprimand Mr. Powers. After reviewing the record and recommendation, the Wyoming Supreme Court entered its order publicly censuring Mr. Powers and ordering him to pay an administrative fee of $500 and costs of $50 to the Wyoming State Bar.

## CONCLUSIONS OF LAW

7. Standard 2.5 of the ABA Standards for Imposing Lawyer Sanctions states, "Reprimand, also known as censure or public censure, is a form of public discipline which declares the conduct of the lawyer improper, but does not limit the lawyer's right to practice." The commentary to Standard 2.5 discusses the proper circumstances in which to impose a public censure as well as the rationale behind this form of discipline:

> Publicity enhances the effect of the discipline and emphasizes the concern of the court with all lawyer misconduct, not only serious ethical violations. A reprimand is appropriate in cases where the lawyer's conduct, although violating ethical standards, is not serious enough to warrant suspension or disbarment. * * * A reprimand serves the useful purpose of identifying lawyers who have violated ethical standards, and, if accompanied by a published opinion, educates members of the bar as to these standards.

8. Standard 3.0 provides, "In imposing a sanction after a finding of lawyer misconduct, a court should consider the following factors:"

(a) the duty violated;
(b) the lawyer's mental state; and
(c) the actual or potential injury caused by the lawyer's misconduct; and
(d) the existence of aggravating or mitigating factors.

9. Misconduct of the sort engaged in by Respondent, which essentially involves violation of a duties owed to a client, is addressed in Section 4.4, "Lack of Diligence." Subsection 4.43 provides, "Reprimand [i.e., public censure] is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client."

10. Section 9.1 of the ABA Standards for Imposing Lawyer Sanctions provides for consideration of aggravating and mitigating circumstances in deciding on an appropriate sanction. Section 9.21 defines aggravating circumstances as "any consideration, or factors that may justify an increase in the degree of discipline to be imposed." Section 9.31 defines mitigating circumstances as "any considerations, or factors that may justify a reduction in the degree of discipline to be imposed."

    a. The applicable aggravating factors are:

        i. Section 9.22(d)-multiple offenses.

        ii. Section 9.22(i)-substantial experience in the practice of law. Respondent was first admitted to practice in 1994.

    b. Applicable mitigating factors are:

        i. Section 9.32(a)-absence of prior disciplinary record;

        ii. Section 9.32(b)-absence of dishonest or selfish motive;

        iii. Section 9.32(e)-full and free disclosure to Bar Counsel and cooperative attitude toward proceedings; and

        iv. Section 9.32(l)-remorse.

4

## RECOMMENDATION

As an appropriate sanction for his violations of Rules 1.3 and 1.4 of the Wyoming Rules of Professional Conduct, the Board of Professional Responsibility recommends that Respondent: (1) receive a public censure; and (2) be ordered to pay the administrative fee in the amount of $500.00 and administrative costs of $50.00 within ten days of approval of the report and recommendation by the Wyoming Supreme Court.

DATED this ___13th___ day of November 2013.

Jennifer E. Scoggin, Chair
Board of Professional Responsibility
Wyoming State Bar

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of this **Report and Recommendation** was mailed by United States Mail, postage prepaid, on November __14th__, 2013, to the following:

Scott M. Powers
1623 Central Avenue, Suite 1
P.O. Box 21001
Cheyenne, WY 82003

and a copy was hand delivered to:

Mark W. Gifford, Bar Counsel
Wyoming State Bar
P.O. Box 109
Cheyenne, WY 82003

Brandi Robinson, Clerk
Board of Professional Responsibility

5